FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHS, INC, a Minnesota cooperative,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID V. BLACK, an individual and sole proprietor doing business as Black Rock Ranch,<br><br>　　　　　　　　　Defendant. | NO: 2:17-CV-384-RMP<br><br>ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT |

BEFORE THE COURT are Plaintiff CHS, Inc.'s motion for entry of default judgment, ECF No. 14, and motion for attorneys' fees and costs, ECF No. 18. Defendant David V. Black did not respond to the pending motions and has not otherwise appeared in this action. Having reviewed Plaintiff's motions, the supporting declarations and documents, and the remaining record, the Court finds adequate basis to enter default judgment against Defendant Mr. Black.

In light of the District Court Clerk's entry of an order of default in this matter on January 26, 2018, ECF No. 13, this Court has the authority to enter a

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT ~ 1

default judgment provided that Plaintiffs have demonstrated by sufficient evidence the amount of damages that they claim. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court has considered the proposed default judgment, and the supporting declarations submitted by Plaintiff, ECF Nos. 15 and 16, and concludes that entry of default judgment is appropriate in the amounts specified by Plaintiff.

Furthermore, Plaintiff has submitted the "Commercial Application for Credit," signed by Defendant, which provides for "reasonable attorney fees and court costs" incurred by Plaintiff in recovering Defendant's debt, ECF No. 16-1, and Plaintiff has moved for entry of an award of attorney's fees and costs, ECF No. 18. Plaintiff submitted a signed declaration from its attorney detailing the fees and costs incurred in pursuing this matter through the beginning of February 2018, when the motion for default judgment was filed. ECF No. 18.

Reasonable attorney's fees generally are determined by the "lodestar" calculation method in which the Court first determines a reasonable fee by multiplying the "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate," *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983), and, second, determines whether the lodestar amount should be adjusted by any extenuating factor contemplated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Plaintiff's request for attorney's fees seeks the lodestar amount alone. The Court finds that the hourly rate and number of hours expended are

reasonable in light of the many fee requests this Court has reviewed. Finally, Plaintiff's requested legal expenses and costs are also specified in counsel's declaration and appear consistent with necessary expenses to secure relief for Plaintiff in this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment, **ECF No. 14**, is **GRANTED**.
2. Plaintiff's Motion for Attorney Fees and Costs, **ECF No. 18**, is **GRANTED**.
3. **Default judgment shall be entered** in favor of Plaintiff CHS Inc. against Defendant David V. Black, an individual and sole proprietor doing business as Black Rock Ranch, as follows:
    a. In the principal sum of $142,217.42;
    b. Prejudgment interest on the principal sum at the rate of 18% per annum as follows:
    c. $6,592.65 from October 31, 2017, through February 2, 2018; and
    d. $2,179.30 ($70.13 per day from February 3, 2018, to the date of this Order).
4. Plaintiff's attorney fees, costs and disbursements shall be included in the judgment as follows:
    a. $11,040.00 in attorney fees through February 2, 2018;

b. $65.04 in legal expenses through February 2, 2018; and

c. $616.57 in costs and disbursements through February 2, 2018.

5. Post-judgment interest shall be allowed as provided in 28 U.S.C. § 1961.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close this case**.

**DATED** March 6, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge